

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. MJG:02cv755 |
| FERRIS, BAKER WATTS, INC., | ) ) ) | CONSENT DECREE |
| Defendant. | ) ) | |

### INTRODUCTION

This action was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), against Defendant, Ferris, Baker Watts, Inc., including its successors and assigns ("FBW" or "Defendant") on March 11, 2002. The Commission's Complaint alleges that Defendant violated section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Ms. Christine Huff in retaliation for complaining about sexual harassment.

The Commission and FBW desire to resolve this action and all issues raised by the Commission's Complaint without the time and expense of contested litigation, and to formulate a plan to be embodied in a Decree that will promote and effectuate the purposes of Title VII. This Decree shall not constitute an adjudication or finding on the merits of this case. This Decree shall not constitute an admission by the Defendant of liability or wrongdoing. Moreover, the Decree does not constitute a disavowal by the EEOC of the allegations in the Complaint.

The parties do hereby stipulate and consent to the entry of this Decree as final and binding between the parties signatory hereto.



The Court has examined this Decree and finds that it is reasonable and just, and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein, and being fully advised in the premises, it is **ORDERED, ADJUDGED, and DECREED:**

1. This Decree resolves all issues and claims arising under Title VII alleged in the Complaint filed against Defendant by the Commission based on the EEOC's determinations of discrimination for the charge filed by Christine Huff (EEOC administrative charge number 120-A1-0283).

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the United States District Court for the District of Maryland to enforce this Decree and its terms.

<u>AGREEMENT AGAINST RETALIATION AND PROCEDURE FOR CONTEMPT</u>

3. Defendant FBW, its officers, agents, employees, and all persons acting on its behalf and interest will not engage in any employment act or practice that constitutes retaliation in violation of section 704(a) of Title VII. Particular reference is made to those provisions of section 704(a) that make it unlawful for Defendant to retaliate against any person because that person opposed any practice that is unlawful under Title VII or because that person filed a charge alleging discrimination, gave testimony, assisted or participated in any investigation, proceeding, or hearing under Title VII.

4. During the term of this Decree, if Defendant engages in any retaliatory action as defined in §704 of Title VII, EEOC will advise FBW of its alleged violation of the decree. The parties will meet and confer and will attempt to resolve the dispute. If they cannot resolve it, each party has the right to invoke the continuing jurisdiction of the Court for mediation to attempt to resolve the issue. If the dispute is not resolved, EEOC may file a motion to have FBW held in civil contempt for violation of its agreement not to retaliate. EEOC has the burden to establish the grounds for contempt. Either side may request discovery from the Court prior to a hearing on the merits before this Court.

## POSTING

5. Defendant will continue to post in conspicuous places in and about all of FBW's facilities wherever located including but not limited to all places where notices to employees are customarily posted, the EEOC poster depicted here as Exhibit "A," and made a part hereof. Should any of the posters become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies are posted in the same manner as heretofore specified.

## POLICY AGAINST DISCRIMINATION

6.    a. Defendant has implemented and distributed policies on sexual harassment and retaliation the particulars of which are attached hereto as Exhibit "B" and made a part hereof. Defendant will continue to distribute these policies to each and every new employee upon hire.

3

b. Defendant shall notify the Commission of any revisions or amendments made to its sexual harassment or retaliation policies within three years after entry of this Decree.

7. FBW agrees to investigate all complaints of discrimination and provide counseling and appropriate discipline for those employees who engage in discrimination including sexual harassment.

## TRAINING

8.  a. Defendant will conduct an intensive training program of its entire nationwide workforce concerning sexual harassment and other laws enforced by the Commission. All new employees shall receive this training within one year of their employ. As part of their individual training, each new employee hired during the term of this Decree will be instructed on FBW's sexual harassment policy and the procedures for reporting any instances of sexual harassment.

b. Training of all employees shall be completed within one year after entry of this decree. Within ten days after the one year anniversary of this Decree, FBW will forward a copy of the attendance rosters with signatures to the EEOC's attorney of record.

## INDIVIDUAL NON-MONETARY RELIEF

9. FBW agrees to prohibit any dissemination, directly or indirectly, to any other employer or prospective employer, of any facts or circumstances surrounding Ms. Christine Huff's charge of discrimination or the events ensuing thereafter. If requested by a prospective employer, Defendant shall give a neutral recommendation for Ms. Christine Huff indicating the dates of her employment and job classification.

## INDIVIDUAL MONETARY RELIEF

10. a. Defendant agrees to pay to Ms. Christine Huff the sum of $35,000.00. Within fifteen days of the entry of this Decree, Defendant shall make payment in the form of a check payable to Christine Huff. Ms. Huff will be responsible for all tax consequences. FBW will take no withholdings of any amount from the monetary sum.

    b. Payment shall be mailed, first-class certified to the residence of Ms. Christine Huff. The mailing date shall be deemed the date of payment. Simultaneously, copies of the check shall be mailed to the Commission's attorney of record at the EEOC's Baltimore District Office.

## PROCEDURES FOR ENSURING COMPLIANCE WITH THIS DECREE

11. If either party to this Decree believes that the other party has breached a material provision of this Decree, it shall so notify the party, in writing, of the alleged breach. Upon receipt of written notice, a party shall have fifteen days to either correct the alleged breach, and so inform the other party, or deny the alleged breach, in writing;

    a. If the parties remain in dispute they shall attempt in good faith to resolve their dispute;

    b. If the parties cannot in good faith resolve their dispute, the party alleging a breach may file with the Court a motion to correct and remedy the breach;

    c. Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action;

    d. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

## MONITORING PROVISION

12. a. Eighteen months following the entry of this Decree, and again at the conclusion of this Decree, FBW shall report to the EEOC counsel of record the number of retaliation administrative charges, internal complaints or grievances (whether made orally or in writing), arbitrations, and lawsuits brought against FBW during the applicable period, and briefly describe the nature of each claim, the manner in which it was handled, and the resolution of the claim, if any. EEOC shall retain the right to request additional relevant information regarding any such claim and Defendant will provide the requested information within a reasonable time, not to exceed thirty days. If the parties are in dispute as to the reasonableness of a request for information, and cannot in good faith resolve such dispute on their own, any party may petition the Court under this Decree for redress.

b. EEOC agrees to maintain these reports as a confidential part of its litigation file and not to disclose them to third parties or use them for any purpose other than to ensure compliance with this Decree.

## SCOPE AND DURATION OF DECREE

13. Except where otherwise provided, this Decree shall remain in effect for a period of three years from the date of the Court's entry of this Consent Decree.

14. The Court retains jurisdiction of this action to ensure compliance with this Decree. In all other respects this action is dismissed and the Clerk of the Court is directed to remove this action from the Court's calendar.

15. The Commission and Defendant shall bear their own costs and attorneys' fees incurred in connection with this action.

The undersigned counsel of record, on behalf of their respective clients, hereby consent to the entry of the foregoing Consent Decree.

**FOR DEFENDANT FBW:**

*/s/ Theodore W. Urban*
THEODORE W. URBAN
Executive Vice President/General Counsel
FERRIS, BAKER WATTS

*/s/ Dana M. S. Wilson*
DANA M. S. WILSON
Vice President/Associate General Counsel
100 Light Street, 9th Floor
Baltimore, MD 21202
410-659-4660

**FOR PLAINTIFF EEOC:**

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Gerald S. Kiel*
GERALD S. KIEL
Regional Attorney

*/s/ Tracy Hudson Spicer*
TRACY HUDSON SPICER
Supervisory Trial Attorney

*/s/ Mildred A. Rivera*
MILDRED A. RIVERA
Trial Attorney
10 S. Howard St., 3rd Floor
Baltimore, Maryland 21201
410-962-4180

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Approved and entered by the Court this 31st day of December, 2002.

JAN - 2 2003

*/s/ Marvin J. Garbis*
MARVIN J. GARBIS
United States District Judg

7